**Jamel Johnathan EVANS,**
**Petitioner–Appellant,**

v.

**Arthur CALDERON, Warden, et al., Respondents–Appellees.**

No. 01–56793.

D.C. No. CV–01–00244–NMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**486**

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

California state prisoner Jamel Johnathan Evans appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for possession of cocaine base for sale. The district court dismissed Evans' petition with prejudice as being procedurally defaulted. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to deny a habeas petition, *Wade v. Terhune,* 202 F.3d 1190, 1194 (9th Cir.2000), and we vacate and remand.

The California Supreme Court denied Evans' state habeas corpus petition, citing *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). As was the case in *Bennett v. Mueller,* 296 F.3d 752 (9th Cir.2002), the record in this appeal is not sufficient for us to determine whether the *Clark* rule is adequate to prevent federal review of Evans' claims. We therefore vacate and remand so the district court may reevaluate the question of whether Evans has procedurally defaulted his claims. *See Bennett,* 296 F.3d at 761–63; *see also Coleman v. Thompson,* 501 U.S. 722, 736, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("[F]ederal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds."); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 296, 84

---

S.Ct. 1302, 12 L.Ed.2d 325 (1964) (holding that federal review is not precluded if procedural rule invoked by state court does not apply to the facts of the case).

**VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the